[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This presentment is brought by the Statewide Grievance Committee (hereinafter "the Committee") against Christopher C. Faille, an attorney, (hereinafter "the respondent") pursuant to C.G.S. 51-90 et seq. and Conn. Practice Book Sec. 31 et seq. A hearing was scheduled on September 7, 1990, at which the Committee and the respondent appeared. The court did not sit that day, however, and the case was continued to September 28, 1990. Both parties had actual notice of the date, time and place of the hearing. The respondent filed an answer to the allegations of the presentment but did not appear at the hearing. The Committee appeared by counsel.
In his answer, the respondent admits all of the Committee's factual allegations. At the hearing, the court received in evidence letters from the complainants and the respondent. The court finds the following facts. In July 1988, the complainants paid the respondent $500 as a retainer to represent them in a zoning dispute with the Bridgeport Zoning Board of Appeals. At that time, the respondent was practicing law in Bridgeport. On August 16, 1988, the respondent commenced suit. On October 11, 1988, the defendants in the suit filed a motion to dismiss. The respondent never filed a memorandum or law in opposition to that motion. The motion to dismiss was granted on December 8, 1988. The respondent never advised the complainants that the motion to dismiss had been filed, that he had not responded to it, or that their case had been dismissed. In fact, he took no further action at all and simply allowed the case to be extinguished. In late 1988, the respondent terminated his law practice and moved to Enfield. He never advised the complainants that he had stopped practicing law or that he had moved. Although he had effectively terminated his representation of them, he never informed them so that they could obtain new counsel. He never surrendered their file to them.
Based on the facts set forth above the court concludes that the respondent violated Rules 1.1 and 1.3 of the Rules of Professional Conduct by failing to respond to the motion to dismiss his clients' law suit. He also violated Rule 1.4, which required him to keep his clients reasonably informed about the status of their case. This violation became especially significant after the motion to dismiss was granted because it effectively denied them the opportunity to obtain new counsel or file a timely appeal. Finally, the respondent violated Rule 1.16(d) by effectively terminating his representation of the complainants without notice to them and facilitating their employment of new counsel.
The Committee urges the court to suspend the respondent from the practice of law for a period of three years. The court has considered that recommendation as well as the following CT Page 2854 factors. The incident in question involved the mishandling of a single case rather than multiple cases, and no evidence was presented to the court that the respondent's dereliction indicated a pattern of misconduct. The respondent voluntarily gave up his law practice in the face of financial failure and became employed in a non-law job in an effort to pay his debts. The respondent's letter to the Committee (Exhibit 2) indicates some remorse and a willingness to refund the fee of $500. What is of particular concern to the court, however, is the respondent's evident lack of understanding of his role as an attorney and the special obligations that go with it. In his letter, the respondent asserts that "what is at issue is a civil matter (the complainant) can pursue, if he chooses, in a civil fashion. He refers to his complaint as one of `breach of contract' and that, of course, is not the question for a grievance committee." The point the respondent misses is that an attorney's breach of contract may very well also be a breach of the Rules of Professional Conduct, and that most assuredly is a question for the grievance committee and this court. Such a "breach" calls into question not only the individual's legal responsibility for losses suffered by his client but also his fitness to continue in the practice of law.
Taking all of the above factors into consideration, the court concludes that the proper discipline in this case is suspension for a period of one year from the date hereof. He will be required to apply for reinstatement pursuant to Conn. Prac. Bk. Sec. 44,
Pursuant to Conn. Prac. Bk. Sec. 46B, the court appoints Attorney Donald J. Deneen to protect the interests of the respondent's clients and the respondent in the manner set forth therein. In the event fees received from the respondent's clients, if any, do not cover the reasonable and necessary expenses of the appointed attorney, he may petition the court for an appropriate order.
MALONEY, J.